# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

# AT KNOXVILLE

# JUNE 1999 SESSION

STATE OF TENNESSEE,        )
                                  )     **C.C.A. NO. 03C01-9808-CR-00283**
        Appellee,        )
                                  )
                                  )     **MONROE COUNTY**
VS.                            )
                                  )     **HON. CARROLL L. ROSS,**
MATT KROLL,              )     **JUDGE**
                                  )
        Appellant.      )     (Driving Under the Influence)

**FILED**

July 27, 1999

Cecil Crowson, Jr.
**Appellate Court Clerk**

FOR THE APPELLANT:                    FOR THE APPELLEE:

**JULIE A. MARTIN**                     **PAUL G. SUMMERS**
P.O. Box 426                           Attorney General & Reporter
Knoxville, TN 37901-0426
      (On Appeal)                  **MARVIN S. BLAIR, JR.**
                                   Asst. Attorney General
**CHARLES CORN**                     John Sevier Bldg.
District Public Defender          425 Fifth Ave., North
                                   Nashville, TN 37243-0493
**THOMAS E. KIMBALL**
Assistant Public Defender       **JERRY N. ESTES**
110½ Washington Ave, Northeast   District Attorney General
Athens, TN 37303
      (At Trial)                  **CHALMERS THOMPSON**
                                     Asst. District Attorney General
                                   P.O. Box 647
                                   Athens, TN 37303

OPINION FILED:_____

**AFFIRMED PURSUANT TO RULE 20**

**JOHN H. PEAY,**
Judge

# **O P I N I O N**

The defendant challenges the sufficiency of the evidence convicting him of driving under the influence (DUI), second offense, and the admission of lay witness opinion testimony. We affirm pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

At trial, the evidence established that a school bus backed or rolled into the front of the car the defendant was driving. According to the testimony, the defendant left the scene shortly after the collision, but later returned and attempted to park the car he was driving behind the bus in approximately the same position it had been during the collision. Two citizens, the bus driver and a passerby, testified that in their opinions, the defendant appeared to be drunk and should not have been operating a vehicle. The arresting officer also testified that the defendant's speech was unintelligible, that he was unsteady on his feet and needed to lean against a vehicle for support, and that he smelled strongly of alcohol. According to the officer, the defendant failed a field sobriety test and was, in his opinion, impaired by an intoxicant to the extent he could not safely operate a vehicle. The officer testified that after he arrested the defendant for DUI, the defendant refused an intoximeter test. Based on this evidence and the defense's later stipulation to a prior DUI offense, the jury returned a guilty verdict for DUI, second offense.

The defendant now argues that the convicting evidence is insufficient because there was no scientific evidence of the amount of alcohol in his blood, no one saw him drinking alcohol, and the evidence showed he had trouble walking and performing the field sobriety tests because he had undergone two back surgeries within the past three years. He also argues that the trial court erred in admitting into evidence the testimony of the bus driver and the passerby that the defendant was so intoxicated that his ability to drive was impaired because, the defendant claims, this evidence was not proper lay witness opinion testimony. Our review of the record and applicable law discloses no error. Accordingly, we affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

```
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
```
J O H N   H . P E A Y , J u d g e

C O N C U R :


_____
DAVID G. HAYES, Judge



_____
JOHN EVERETT WILLIAMS, Judge